ACCEPTED
03-13-00800-CV
6889620
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/11/2015 4:19:29 PM
JEFFREY D. KYLE
CLERK

## NO. 03-13-00800-CV

_____

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/11/2015 4:19:29 PM
JEFFREY D. KYLE
Clerk

_____

# MARINA VILLAGE LAKEWAY PARTNERS, LTD.,
*Appellant*

**v.**

# LAKEWAY MARINA VILLAGE CONDOMINIUM ASSOCIATION,
*Appellee*

_____

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT,
CAUSE NO. D-1-GN-13-002241, THE HONORABLE TIM SULAK PRESIDING

_____

## APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS APPEAL

_____

**Eric J. Taube**
State Bar No. 19679350
etaube@taubesummers.com
**TAUBE SUMMERS HARRISON
TAYLOR MEINZER BROWN, LLP**
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 472-5997
(512) 472-5248 (fax)

ATTORNEY FOR APPELLANT

TO THE HONORABLE THIRD COURT OF APPEALS:

Marina Village Lakeway Partners, Ltd. ("Appellant") files this its Response to the Motion to Dismiss Appeal filed by Lakeway Marina Village Condominium Association ("Appellee") and would respectfully show as follows:

This appeal was filed with this Court on December 2, 2013 from a summary judgment issued by the 353rd Judicial District Court of Travis County. This judgment effectively held that Appellant's right to construct any improvements on 30 units of a condominium project that it owned were eviscerated because Special Declarant Rights had expired by operation of time. The result of that ruling by the trial court rendered these substantial property rights economically worthless.

Briefing was completed in July of 2014, and oral argument was conducted before Justice Rose, Justice Goodwin and Justice Jones almost one year ago, on September 24, 2014. The parties have been awaiting the ruling from this Court.

In the interim, and because the property at issue was rendered completely valueless as a result of the summary judgment ruling from the trial court which is the subject of this appeal, tax liens on the very same property were unpaid and foreclosed upon by Travis County on July 7, 2015. Travis County was the purchaser of the property at the tax sale.

1

Appellee asserts that due to the foreclosure, the appeal was rendered moot. Such allegation is not correct. First, pursuant to Section 34.21 of the Texas Tax Code, Appellant, as the "owner of the real property sold at a tax sale" has the right to redeem the property "not later than the 180th day following the date on which the purchaser's or taxing unit's deed is filed for record." Tex. Tax Code §34.21(e). The very earliest the redemption right could expire is February 9, 2016. As a consequence, Appellant maintains a clear economic interest in the property, and should this honorable Court reverse the trial court's decision which rendered the property interest worthless before that date, there is both an economic incentive and economic viability to redeem the property from the foreclosure sale by the taxing authority pursuant to the statutory privilege to do so.

Appellee's alternative argument that as a result of the tax sale, that Special Declarant rights are lost also misses the mark, and is, in fact, the essence of the appeal before this Court. Appellant has argued in this appeal that the loss of Special Declarant Rights has nothing to do with its ability to construct improvements on the property pursuant to the Texas Uniform Condominium Act. (*See* Appellant's Reply Brief at pages 3-8 and Appellant's initial Brief, pages 11-17). In essence, as it relates to this issue, Appellant's Motion to Dismiss is nothing more than a regurgitation of the arguments that they have already made on appeal that are pending before this Court, have been fully briefed and argued. Appellant

will not reargue this point for the purpose of this response, but urges the Court to review prior briefing on why the expiration of the Special Declarant Rights does not prohibit construction of improvements.

While Appellant will not suggest to this Court that Appellee has attempted to "run out the clock" in order to attempt to preclude this Court from undertaking an examination of the merits of this appeal that has been pending for just under a year, it would indeed be an injustice for the Court not to render a decision on the merits of this appeal due to the economic consequences of the trial court's initial determination, which Appellant obviously disagrees with, and the burden of this Court's substantial docket. In such event, the adage "Justice delayed is justice denied" would be actual and not theoretical.

For the foregoing reasons, Appellant requests that this Court deny Appellant's Motion to Dismiss and render its opinion overturning the summary judgment of the trial court.

Respectfully submitted,

TAUBE SUMMERS HARRISON
TAYLOR MEINZER BROWN, LLP


By:   /s/ Eric J. Taube
     Eric J. Taube
     State Bar No. 19679350
     etaube@taubesummers.com
     100 Congress Avenue, Suite 1800
     Austin, Texas 78701
     (512) 472-5997
     (512) 472-5248 (FAX)

     ATTORNEY FOR APPELLANTS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Appellant's Response to Appellee's Motion to Dismiss Appeal was filed electronically and served on all counsel below via e-mail in compliance with Tex. R. App. P. 9.5(b) and L.R.3 on the 11th day of September, 2015.

     Mark Hawkins
     mhawkins@abaustin.com
     Andrew York
     ayork@abaustin.com
     ARMBRUST & BROWN, PLLC
     100 Congress Ave., Suite 1300
     Austin, Texas 78701


     */s/ Eric J. Taube*
     Eric J. Taube


4